UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID H. FORTIER and GAIL FORTIER, | : | |
| Plaintiffs, | : | |
| v. | : | 3:07-cv-00005 (WWE) |
| AMPCO-PITTSBURGH CORP., individually | : | consolidated with: |
| BUFFALO AIR HANDLING, individually and as | : | 3:07-cv-00014 |
| successor to Buffalo Forge Co., | : | 3:07-cv-00019 |
| BUFFALO PUMPS, INC., | : | |
| FOSTER WHEELER L.L.C. (survivor to a | : | |
| merger with Foster Wheeler Corporation) | : | |
| GENERAL ELECTRIC COMPANY, | : | |
| PHELPS DODGE INDUSTRIES, INC.[1], | : | |
| VIAD CORP., f/k/a The Dial Corporation, | : | |
| individually and as successor in interest to | : | |
| Griscom Russell Company, | : | |
| Defendants. | : | |

**RULING ON MOTION TO REMAND**

This action arises from plaintiffs David H. Fortier and Gail Fortier's claims that defendants AMPCO-Pittsburgh Corp., Buffalo Air Handling, Buffalo Pumps, Inc., Foster Wheeler L.L.C., General Electric Company and Viad Corp. ("defendants") supplied or manufactured asbestos or asbestos-containing products that injured David Fortier ("Fortier") during his service as a machinist's mate in the United States Navy from 1968 to 1972. Plaintiffs assert that this exposure to asbestos caused him to contract malignant mesothelioma, the diagnosis of which was rendered on October 5, 2006. Mesothelioma is a fatal disease for which asbestos exposure is the only known cause.

---

[1] Defendant Phelps Dodge Industries, Inc. was dismissed by stipulation dated February 1, 2007 [Doc. #24].

1

## BACKGROUND

On November 28, 2006, plaintiffs filed an asbestos personal injury action in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport against over 130 defendants, alleging that Fortier was injured as a result of exposure to asbestos while working in Connecticut as a machinist's mate in the Navy during the years 1968 to 1972. On December 1, 2006, plaintiffs filed a second action in the same state court against the seven defendants originally parties to the instant matter (No. 06-5005848-S).[2] In January 2007, defendants removed this case to federal court pursuant to the Federal Officer Removal statute, codified at 28 U.S.C. § 1442, which permits removal of state actions brought against an officer or agency of the United States, or an individual acting under the auspices of a federal officer.[3] 28 U.S.C. § 1442(a)(1).[4] Mesa v. California, 489 U.S. 121, 125, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989). Plaintiffs now move to remand this case to state court, arguing that this Court lacks subject matter jurisdiction over their claim of failure to warn.

---

[2]The original seven defendants included Phelps Dodge, which, as stated above, has since been dismissed.

[3]These cases were docketed in federal court as 3:07-cv-00005, 3:07-cv-00014 and 3:07-cv-00019. They were transferred to this Court and have been consolidated for the purpose of this motion. Fortier v. AMPCO-Pittsburgh Corp., et al., 3:07-cv-00005.

[4]28 U.S.C. § 1442(a) provides in relevant part: "A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: . . .1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. . . ."

**DISCUSSION**

A party may remove a case from state court to federal court only if the action is one over which the federal court has jurisdiction. 28 U.S.C. § 1441(a). In order to demonstrate that removal is proper, the movant bears the burden of showing the existence of federal jurisdiction. The rules regarding removal are strictly construed. In re: Methyl Tertiary Butyl Ether Products Liability Litigation, 342 F.Supp.2d 147, 151 (S.D.N.Y. 2004).

Removal is proper if a state law claim is completely preempted by federal law. If a federal statute preempts a state law, then a claim which falls under the penumbra of that statute, even if pled as a state law claim, is properly removed to federal court pursuant to 28 U.S.C. § 1441(b). See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (reversing remand based on applicability of National Bank Act, 12 U.S.C. § 85). Actions brought against federal officers may be removed "despite the nonfederal cast of the complaint;" if the defense depends on federal law, the federal question requirement is met. Jefferson County v. Acker, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999).

Defendants rely upon the federal officer removal provision, 28 U.S.C. § 1442(a)(1), for their claim that removal is proper. In order to satisfy the requirements of the statute, defendants must satisfy three elements: 1) that they have a colorable federal defense to plaintiff's claims; 2) that they acted under the direction of a federal agency or officer; and 3) that there is a causal nexus between the conduct in question and the federal authority asserted. Mesa v. California, 489 U.S. 121 at 124 -131. The

federal officer removal statute is construed broadly and "should not be frustrated by a narrow, grudging interpretation." Arizona v. Manypenny, 451 U.S. 232, 242, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981). Defendants need not show that they will prevail in federal court; they need only demonstrate that section 1442(a)(1) is applicable to the instant matter. Willingham v. Morgan, 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

In order to satisfy the requirement that defendants show that they were acting under the color of a federal agency or officer, defendants must demonstrate that there was direct and specific control on the part of a federal agency or office over defendants' work and that defendants performed the work pursuant to this control. Mesa v. California, 489 U.S. at 131-32.

In this case, defendants must demonstrate that the Navy had complete control over all aspects of their work regarding the manufacture and sale of defendants' equipment to the Navy, that the Navy had the sole authority to dictate the warnings affixed to or provided with the equipment and that defendants complied with these specifications. Plaintiffs must show that defendants did not perform their work only under the auspices of the Navy and that there was some autonomy on the part of defendants as to their fulfillment of the federal contract.

Plaintiffs allege that defendants cannot invoke the Federal Officer Removal Statute as a defense because the federal government did not exercise complete control over defendants' ability to include warnings regarding the presence of asbestos in the turbines. The Court agrees with plaintiffs.

Plaintiffs assert that the Navy, while setting forth explicit requirements regarding

warnings that it, as a federal agency, demands, did not preclude defendants from including other warnings of their own as dictated by state law and regulations. Plaintiffs have provided military specifications ("milspecs") issued by the Navy that specify that its "instruction apply[ing] to the labeling of all hazardous materials throughout the Naval Establishment wherever distribution of hazardous chemicals and materials is made to the actual consumer . . . is not intended to govern: a) The type of labels to be affixed by the manufacturer. These are governed by State and Federal Law and regulations. . . ." Plaintiffs' Ex. F. Defendants, therefore, were free to include warnings not dictated by the Navy. Whether they chose to do so or not is the subject of this lawsuit. It appropriately should be resolved in state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand [Doc. # 8]. The Clerk is instructed to remand this case to state superior court.

Dated this 5th day of March, 2007 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge